OPINION OF THE COURT
Robert W. Coutant, J.
In this action for declaratory judgment and injunctive relief, plaintiff moves for summary judgment pursuant to CPLR 3212. There are no factual issues and both parties request the court to determine their respective rights and obligations within the factual setting presented.
Defendant hospital is a mandated reporter of certain suspected child abuse or maltreatment under Social Services Law § 413. Pursuant to its legal obligation, defendant filed a report *251 of suspected abuse regarding a 17-year-old girl treated at the hospital for injuries allegedly inflicted by her father.[1] In the course of the preliminary investigation, a caseworker with Schuyler County Child . Protective Services (CPS) requested the girl’s medical records from defendant. The request was denied.
Plaintiff maintains that it is entitled to such medical records pursuant to the provisions of section 415 of the Social Services Law. Defendant contends that there is no statutory of regulatory mandate that a hospital release such medical records without court, order, subpoena, or consent and that doing so would subject defendant to potential liability for "breach or confidentiality and physician-patient privilege, breach of contract, defamation and invasion of privacy”. Thus, the question presented is as follows: "Is a hospital that files a report of suspected child abuse or maltreatment required by law to provide the medical records of the alleged victim of abuse or maltreatment to the investigating caseworker from Child Protective Services?[2] It seems clear that the controversy presented is a justiciable issue involving a pure question of law, the resolution of which is of significance not only to the initial parties but to numerous other agencies and hospitals similarly situated. Therefore, declaratory judgment is the appropriate means of resolution.
The reporting procedure is set forth in detail in Social Services Law § 415 which, in pertinent part, reads as follows: "Written reports * * * shall include the following information: the names and addresses of the child and his or her parents * * * the child’s age, sex and race; the nature and extent of the child’s injuries, abuse or maltreatment, including any evidence to prior injuries, abuse or maltreatment to the child or, as the case may be, his or her siblings; the name of the person or persons alleged to be responsible for causing the injury, abuse or maltreatment, if known * * * the actions taken by the reporting source, including the taking of photographs and x-rays * * * and any other information which * * * the person making the report believes might be helpful, in the furtherance of the purposes of this title.” Section 416 *252 also authorizes the taking of photographs and X rays, and requires that "[a]ny photographs or x-rays taken shall be sent to the child protective service at the time the written report is sent, or as soon thereafter as possible.”
Defendant argues that although the cited sections require certain medical information to be provided along with photographs and X rays, there is no requirement to furnish the "hard copy” medical records per se. Thus, it concludes, there is no authority to do so without consent or legal process.
However, plaintiff points out that legal process is only available after a Family Court Act article 10 proceeding has been initiated. Thus, defendant’s position would require CPS to commence such a proceeding in order to obtain selected medical records and then determine whether there was adequate basis for continuing the action. Such an approach might well result in proceedings based on reports later found groundless or a delay in effecting an emergency removal of a child in imminent danger.
Although the statute may not specifically state that a reporting hospital shall furnish medical records to the CPS, the legislative intent is clear. It contemplates a prompt report of all pertinent information, including the nature and extent of present and prior injuries and the actions taken by the reporting source, which would necessarily include the medical treatment rendered. This information is essential to a prompt and thorough investigation by those entrusted with that responsibility. Plaintiff properly emphasizes the importance of swift investigation and intervention "while injuries are still fresh and before victims can be intimidated to recant by their alleged abusers.” Additionally, if the injuries appear severe, an immediate decision must be made as to whether emergency removal is appropriate. Such considerations require the most complete and accurate information available.
Defendant apparently discerns some distinction between supplying medical information and furnishing the medical records from which such information is gleaned, and concludes that the former is authorized but the latter offends confidentiality. Its distinction is without merit. It is the information which is confidential; the records are merely the means by which the information is stored. The legislative mandate to furnish medical information removes any barrier to the release of records containing such information. Clearly, the actual records are a far more reliable and accurate source
*253 of information than a brief synopsis. Details which might be significant to an experienced investigator might easily be omitted by one less sophisticated in the field of abuse. This is precisely the reason for the specific statutory requirement that photographs and X rays be forwarded to CPS.
Since release of medical records is required by law, defendant is entitled to the immunity afforded under Social Services Law § 419; it need not fear exposure to civil liability.
Accordingly, the submitted question is answered in the affirmative. Schuyler County Child Protective Services is entitled to disclosure of all pertinent medical records relating to alleged child abuse or maltreatment in cases in which defendant is the reporting source. Plaintiff is also entitled to an injunction forbidding defendant to withhold such medical records in said class of cases arising hereafter.

. The pleadings and submitted documents contain information identifying the persons mentioned in the report. All such references are withheld from this decision and the record will be sealed to preserve confidentiality. (See, Social Services Law § 422 [4] [A].)

. It should be noted that the issue here considered relates only to the obligation of a hospital which files such a report. We do not consider the demand for hospital records relating to treatment for suspected abuse reported by another person or agency.